UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AGAR TRUCK SALES, INC.,

    Plaintiff,

    v.

DAIMLER TRUCKS NORTH AMERICA, LLC, and
DETROIT DIESEL CORPORATION,

    Defendants.

Case No. 13-cv-05471(NSR) (GAY)

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Daimler Trucks North America, LLC ("DTNA") and Detroit Diesel Corporation ("DDC"), by their undersigned attorneys, for their answer and affirmative defenses to the Complaint in the above-captioned matter, state as follows:

1. Admit that Agar Truck Sales, Inc. ("Agar") was a party to a Freightliner Trucks Dealer Sales and Service Agreement and a Detroit Diesel Corporation Direct Dealer Agreement; that Agar is located in Yonkers, New York; and that Agar purports to bring this action pursuant to certain sections of the New York Franchised Motor Vehicle Dealer Act ("the Act"); deny that DTNA and/or DDC are liable to Agar under the Act and deny any remaining allegations of Paragraph 1.

2. Admit that Paragraph 2 accurately describes Agar's claims and relief sought, but deny that Agar is entitled to relief, and deny the remaining allegations of Paragraph 2.

3. Admit that Agar is a New York corporation with its principal place of business in Westchester County, New York, admit that Agar is a party to a Freightliner Trucks

Dealer Sales and Service Agreement and was a party to a Detroit Diesel Corporation Direct Dealer Agreement; state that the last sentence of Paragraph 3 is a legal conclusion to which no response is required; and deny any remaining allegations of Paragraph 3.

4. Admit the first and third sentences of Paragraph 4. Deny the second sentence of Paragraph 4. State that the last sentence of Paragraph 4 is a legal conclusion to which no response is required. Deny any remaining allegations of Paragraph 4.

5. Admit the first and second sentences of Paragraph 5. Admit that Agar and DDC were parties to a Detroit Diesel Corporation Direct Dealer Agreement, but deny the remainder of the third sentence of Paragraph 5. Deny the remaining allegations of Paragraph 5.

6. Admit the allegations of Paragraph 6.

7. Admit the allegations of Paragraph 7.

8. Admit that the Act governs the relationship between motor vehicle manufacturers and their New York dealers, as those terms are defined in the Act. State that the Act speaks for itself and deny the allegations of Paragraph 8 to the extent inconsistent. Deny any remaining allegations of Paragraph 8.

9. State that the Act speaks for itself and deny the allegations of Paragraph 9 to the extent inconsistent. Deny any remaining allegations of Paragraph 9.

10. State that the Act speaks for itself and deny the allegations of Paragraph 10 to the extent inconsistent. Deny any remaining allegations of Paragraph 10.

11. State that the Act speaks for itself and deny the allegations of Paragraph 11 to the extent inconsistent. Deny any remaining allegations of Paragraph 11.

12. State that the Act speaks for itself and deny the allegations of Paragraph 12 to the extent inconsistent. Deny any remaining allegations of Paragraph 12.

13. State that the Act speaks for itself and deny the allegations of Paragraph 13 to the extent inconsistent. Deny any remaining allegations of Paragraph 13.

14. State that the Act speaks for itself and deny the allegations of Paragraph 14 to the extent inconsistent. Deny any remaining allegations of Paragraph 14.

15. State that the Act speaks for itself and deny the allegations of Paragraph 15 to the extent inconsistent. Deny any remaining allegations of Paragraph 15.

16. State that the Act speaks for itself and deny the allegations of Paragraph 16 to the extent inconsistent. Deny any remaining allegations of Paragraph 16.

17. State that the Act speaks for itself and deny the allegations of Paragraph 17 to the extent inconsistent. Deny any remaining allegations of Paragraph 17.

18. Admit that DTNA sent a notice of default letter to Agar on April 27, 2012. State that the letter speaks for itself and deny the allegations of Paragraph 18 to the extent inconsistent. Deny any remaining allegations of Paragraph 18.

19. Deny that Paragraph 19 accurately describes the contents of the April 2012 letter. State that the letter speaks for itself and deny the allegations of Paragraph 19 to the extent inconsistent. Deny any remaining allegations of Paragraph 19.

20. Deny the allegations of Paragraph 20.

21. Admit that by letter dated June 7, 2013, DTNA sent a notice of termination to Agar because Agar had failed to cure the deficiencies identified in the April 27, 2012 default notice. State that the letter speaks for itself and deny the allegations of Paragraph 21 to the extent inconsistent. Deny any remaining allegations of Paragraph 21.

22. Admit that by letter dated June 7, 2013, DDC notified Agar that it would discontinue any further business with Agar effective September 3, 2013. State that the letter

speaks for itself and deny the allegations of Paragraph 22 to the extent inconsistent. Deny that the Direct Dealer Agreement expires on December 31, 2015 and affirmatively allege that the Direct Dealer Agreement expired on December 31, 2012 and was not renewed by DDC and that DDC had conducted business with Agar on a day-to-day basis since December 31, 2012. Deny any remaining allegations of Paragraph 22.

23. Admit that DTNA sets annual sales objectives for its dealers. Deny that DTNA's objectives are unfair, unreasonable or arbitrary and deny the remaining allegations of Paragraph 23.

24. Admit that counties identified in Paragraph 24 constitute part of Agar's area of responsibility as assigned by DTNA; deny that Paragraph 24 accurately describes Agar's full area of responsibility.

25. Deny the allegations of Paragraph 25.

26. Admit that Kings and Queens Counties are part of Agar's area of responsibility, that New York Freightliner in Richmond Hill, Queens is in Queens County and is also assigned those counties as part of its area of responsibility; admit that at least part of Fairfield Connecticut west of Highway 7 is closer to Southern Connecticut Freightliner than to Agar and that that area is part of both Agar's and Southern Connecticut's shared area of responsibility. Deny the remaining allegations of Paragraph 26.

27. Deny the allegations of Paragraph 27.

28. Admit that Agar's sales objective for 2009 was 19 medium duty trucks and 63 heavy duty trucks, for a total of 82; and affirmatively allege that Agar sold only 4 trucks in 2009.

29. Admit that Agar's sales objective for 2010 was 82 medium duty trucks and 84 heavy duty trucks, for a total of 166; affirmatively allege that Agar sold only 18 trucks in 2010. Deny the remaining allegations of Paragraph 29.

30. Admit that Agar's sales objective for 2011 was 104 medium duty trucks and 165 heavy duty trucks, for a total of 269; affirmatively allege that Agar sold only 48 trucks in 2011. Deny any remaining allegations of Paragraph 30.

31. Admit that in 2012, DTNA changed its methodology for determining dealer sales objectives and admit that Agar's sales objective for 2012 was to achieve a market share in its area of responsibility of 15% for medium duty trucks and 19% for heavy duty trucks. Deny that Agar's sales objective for 2012 was 473 trucks. Affirmatively allege that Agar sold only 14 trucks total in 2012 and achieved a market share of only about 9.8% for medium duty trucks and 4.7% for heavy duty trucks. Deny any remaining allegations of Paragraph 31.

32. Admit that in 2013, DTNA changed its methodology for setting dealer sales objectives and affirmatively allege that Agar's sales objective was set by Agar itself and/or with significant input from Agar. Admit that Agar set its sales objective for 2013 at only 42 trucks and affirmatively allege that as of July 31, 2013, Agar had sold only 10 vehicles. Deny any remaining allegations of Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. Deny any remaining allegations of Paragraph 33.

34. Incorporate by reference Paragraphs 28 to 31 above, and deny the remaining allegations of Paragraph 34.

35. Deny the allegations of Paragraph 35.

36. Deny the allegations of Paragraph 36.

5

37.     Admit that DTNA has separate business operations for its Freightliner trucks, and its DDC engines and powertrains; affirmatively allege that this is a common method of doing business in the medium and heavy duty truck markets. Deny the remaining allegations of Paragraph 37.

38.     Deny the allegations of Paragraph 38.

39.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     Deny the allegations of Paragraph 40.

41.     Admit the allegations of Paragraph 41.

42.     Deny the allegations of Paragraph 42.

43.     State that the Act speaks for itself and deny the allegations of Paragraph 43 to the extent inconsistent. Affirmatively allege that DDC is a not a "manufacturer" within the meaning of the Act and, therefore, may not be a party to a "franchise" within the meaning of the Act.

44.     Deny the allegations of Paragraph 44.

45.     Admit that no notice of default was sent to Agar by DDC; deny that any notice of default or right to cure was required by contract or law; and affirmatively allege that Agar was aware of DDC's concerns with respect to Agar's sub-par performance prior to DDC's formal notice of its intention to cease doing business with Agar.

46.     Deny the allegations of Paragraph 46.

47.     The DDC termination letter speaks for itself. Deny the allegations of Paragraph 47 to the extent inconsistent.

48.     Admit that the Direct Dealer Agreement between DDC and Agar expired on December 31, 2012 and had not been renewed, and that DDC and Agar had done business since December 31, 2012 on a day-to-day basis.  Admit that DDC informed Agar that it would cease to do business with Agar effective September 3, 2013.  Deny any remaining allegations of Paragraph 48.

49.     Deny the allegations of Paragraph 49.

50.     Deny the allegations of Paragraph 50.

**First Cause of Action**
**(Violation of the Dealer Act; Declaratory Judgment and Injunctive Relief)**

51.     Reallege and incorporate by reference Paragraphs 1-50.

52.     Deny the allegations of Paragraph 52.

53.     Deny the allegations of Paragraph 53.

54.     Deny the allegations of Paragraph 54.

**Second Cause of Action**
**(Violation of the Dealer Act)**

55.     Reallege and incorporate by reference Paragraphs 1-54.

56.     Deny the allegations of Paragraph 56.

57.     Deny the allegations of Paragraph 57.

58.     Deny the allegations of Paragraph 58.

**Third Cause of Action**
**(Declaratory Judgment; Injunctive Relief; Specific Performance)**

59.     Reallege and incorporate by reference Paragraphs 1-58

60.     Deny the allegations of Paragraph 60.

61.     Deny that an agreement remains in effect; in the alternative, if an agreement is deemed to have been in effect, deny that Agar has not breached the agreement.

62. Deny the allegations of Paragraph 62.

63. Deny the allegations of Paragraph 63.

## Jury Demand

64. No response is required.

## Affirmative Defenses

65. Agar's complaint fails to state a claim, in whole or in part, upon which relief may be granted.

WHEREFORE, DTNA and DDC respectfully demand judgment as follows:

A. Dismissing Agar's claims, in their entirety, with prejudice.

B. For its costs and fees incurred in defending this action, as provided by law.

C. For such other and further relief as may be just and proper.


Dated:  New York, New York
        August 26, 2013

Respectfully submitted,

FOLEY & LARDNER LLP

By: /s/ Robert A. Scher
    Robert A. Scher (rscher@foley.com)
    Adam G. Pence (apence@foley.com)
    90 Park Avenue
    New York, NY 10016-1314
    (212) 682-7474 (Direct)
    (212) 687-2329 (Facsimile)

    Roberta F. Howell (Of Counsel)
    150 East Gilman Street
    Post Office Box 1497
    Madison, WI 53703-1497
    (608) 257-5035 (Direct)
    (608) 258-4258 (Facsimile)
    rhowell@foley.com

    *Attorneys for Defendants Daimler Trucks North America, LLC and Detroit Diesel Corporation*